OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and summary judgment entered for the defendant, with costs, dismissing the complaint.
Plaintiff purchased a tractor on December 29, 1976 and entered into an installment sale agreement which contained two features relevant to this appeal. First, the agreement provided that White Motor Credit Corp., to whom it was assigned, would waive all finance charges if the balance due was paid before April 1, 1977. Second, it provided that White Motor Credit Corp. would obtain insurance on the tractor during the credit life of the contract, insuring the respective interests in it.
White Motor Credit Corp. obtained such insurance and thereafter plaintiff chose to take advantage of the interest waiver option. Plaintiff’s check was deposited to White Motor Credit Corp.’s account on March 28, 1977 and its records reflected payment on that date. However, it was *854 not until April 25, 1977 that White Motor Credit Corp. mailed to plaintiff a termination statement and canceled security agreement. In the interim the tractor was destroyed by fire on April 8, 1977. Plaintiff then commenced this action against Sentry Insurance to recover for the loss under the insurance policy obtained by White Motor pursuant to the contract.
Plaintiff’s contention, which has been accepted by the courts below, is that White Motor Credit . Corp. agreed to insure plaintiff’s interest in the tractor until the debt represented by the installment agreement was discharged and that the debt was not discharged until White Motor Credit Corp. mailed to plaintiff the termination statement and the canceled security agreement. Plaintiff relies upon the sample of insurance coverage contained in White’s payment booklet which includes a provision that the term of the insurance runs “until the indebtedness is discharged” (emphasis supplied). However, this action is on the policy of insurance and against Sentry Insurance Company, not against White.
The terms of the insurance policy issued by Sentry to White and under which, as a purchaser, plaintiff was also a “named insured” govern plaintiff’s rights. That policy provides that the insurance “cover [s] continuously * * * until the interest of the Insured is satisfied” (emphasis supplied).
As a purchaser plaintiff had no interest in the tractor that could be “satisfied”. Only White as a creditor had such an interest. The only meaningful interpretation of the policy language is that the insurance coverage lapsed when White received full payment on March 28, 1977, for on that day its interest in the tractor was satisfied. Whether the debt was discharged on that date within the meaning of the language of the payment booklet, we need not decide.
Nothing in the language of the policy or in any action of Sentry Insurance related its obligation as insurer to the discharge of the obligation, much less to its discharge of record. Nor is there any basis for holding, as plaintiff urges, that Sentry was bound by White Motor’s statement with respect to insurance coverage.
*855 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.